## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## SOUTHERN DIVISION

J.T. BLAKNEY                                                    PLAINTIFF

v.                                            Civil No. 1:16-cv-367-HSO-JCG

SUBWAY ON BROAD AVENUE et al.                           DEFENDANTS

## REPORT AND RECOMMENDATION THAT THIS CASE BE DISMISSED PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 41(b)

THIS MATTER is before the Court *sua sponte* following Plaintiff J.T. Blakney's failure to obey two Orders of the Court, requiring him to file a Racketeer Influenced and Corrupt Organizations Act (RICO) statement conforming to the detailed requirements of Local Uniform Civil Rule 83.8. Plaintiff has not filed a RICO statement, despite being granted a generous amount of time to do so, nor has he filed a motion requesting more time. It is recommended that this suit be dismissed pursuant to Federal Rule of Civil Procedure 41(b) for Plaintiff's failure to prosecute and comply with the Court's November 4, 2016, Order (ECF No. 3) and December 5, 2016, Order to Show Cause (ECF No. 5).

## I. BACKGROUND AND PROCEDURAL HISTORY

Plaintiff filed his Complaint *pro se*, on October 17, 2016, alleging fraud and violations of RICO by seven defendants -- a local restaurant, store, pawn shop, apartment, cab company, hospital, and fire department. (ECF No. 1). Plaintiff's Complaint consists of a single page, and no RICO statement accompanied the Complaint, as required by Local Uniform Civil Rule 83.8. Plaintiff's Application to proceed *in forma pauperis* was granted based on the financial information provided; however, no summonses for service of process have issued, pending a preliminary

screening.

The Court's November 4, 2016, Order granting Plaintiff pauper status clearly communicated to Plaintiff that he was required to file a RICO statement in conformity with Local Uniform Civil Rule 83.8 before this case could proceed. (ECF No. 3). The Order quoted Local Uniform Civil Rule 83.8 verbatim. Plaintiff was ordered to file a RICO statement, containing the information outlined in Rule 83.8, "on or before, **December 2, 2016**." *Id.* at 5 (emphasis supplied). Plaintiff was warned that if he failed to file a RICO statement by December 2, 2016, this suit would be subject to dismissal without further notice to him. The November 4, 2016, Order was mailed to Plaintiff via certified mail. Plaintiff signed for the certified letter containing the Order on November 10, 2016. (ECF No. 4). Plaintiff did not file a RICO statement by the December 2, 2016, deadline, nor file a motion requesting additional time.

On December 5, 2016, an Order to Show Cause (ECF No. 5) issued. The Order again stressed the RICO statement requirement and warned Plaintiff that this case was subject to dismissal for his failure to file a RICO statement and prosecute his case. Plaintiff was advised that if he did not file a RICO statement by December 16, 2016, the undersigned would recommend to the District Judge that this case be dismissed pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute and comply with the Court's Orders. The Order to Show Cause was mailed to Plaintiff via certified mail. Plaintiff signed for the certified letter containing the Order on December 5, 2016. (ECF No. 6). Plaintiff did not file a

RICO statement by the December 16, 2016, deadline, nor file a motion requesting additional time.

## II. DISCUSSION

Pursuant to Federal Rule of Civil Procedure 41(b), a district court may dismiss a lawsuit based on the failure of a plaintiff to prosecute his claims or comply with any order of the court. Under this rule, "[t]he court possesses the inherent authority to dismiss [an] action *sua sponte*, without motion by a defendant." *McCullough v. Lynaugh,* 835 F.2d 1126, 1127 (5th Cir. 1988) (citing *Link v. Wabash R.R. Co.,* 370 U.S. 626, 630-31 (1962)). As a general rule, dismissals under Rule 41(b) are permitted only when "(1) there is a clear record of delay or contumacious conduct by the plaintiff, and (2) the district court has expressly determined that lesser sanctions would not prompt diligent prosecution, or the record shows that the district court employed lesser sanctions that proved to be futile." *Berry v. CIGNA/RSI*, 975 F.2d 1188, 1191 (5th Cir. 1982).

On review, the undersigned finds a clear pattern of delay and contumacious conduct on the part of Plaintiff. Plaintiff has failed to respond to the Court's Orders warning him that a RICO statement in the detail required by Local Uniform Civil Rule 83.8 must be filed in order for this case to proceed. Because Plaintiff is proceeding *pro se*, the failure to respond can only be attributed to Plaintiff himself.

Lesser sanctions would not prompt diligent prosecution of this case. Plaintiff has twice been ordered to file a RICO statement and has not made any attempt to do so. Plaintiff was twice expressly warned that his failure to file a RICO statement

3

would subject this case to dismissal. There is no reason to conclude that lesser sanctions would prompt Plaintiff into abiding by the Orders and Rules of this Court, or into pursuing his claims.

## RECOMMENDATION

It is recommended that Plaintiff's suit be dismissed pursuant to Federal Rule of Civil Procedure 41(b) for Plaintiff's failure to prosecute and to abide by the Court's Orders requiring him to file a RICO statement.

## NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to Local Uniform Civil Rule 72(a)(3),

> After service of a copy of the magistrate judge's report and recommendations, each party has fourteen days to serve and file written objections to the report and recommendations. A party must file objections with the clerk of court and serve them upon the other parties and submit them to the assigned district judge. Within seven days of service of the objection, the opposing party or parties must either serve and file a response or notify the district judge that they do not intend to respond to the objection.

L.U.Civ.R. 72(a)(3); *see* 28 U.S.C. § 636(b)(1).

An objecting party must specifically identify the findings, conclusions, and recommendations to which he objects. The District Judge need not consider frivolous, conclusive, or general objections. A party who fails to file written objections to the proposed findings, conclusions, and recommendations within fourteen (14) days of being served a copy shall be barred, except upon grounds of plain error, from attacking on appeal any proposed factual finding or legal

conclusion adopted by the Court to which he did not object. *Douglass v. United Servs. Automobile Assoc.,* 79 F.3d 1415, 1428-29 (5th Cir. 1996).

**SIGNED,** this the 21st day of December, 2016.

*s/ John C. Gargiulo*

JOHN C. GARGIULO
UNITED STATES MAGISTRATE JUDGE