IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| J.T. BLAKNEY | § | PLAINTIFF |
| | § | |
| v. | § | CIVIL NO.: 1:16cv367-HSO-JCG |
| | § | |
| SUBWAY ON BROAD AVENUE et al. | § | DEFENDANTS |

<u>**ORDER ADOPTING THE MAGISTRATE JUDGE'S REPORT AND
RECOMMENDATION [7] AND DISMISSING PLAINTIFF'S CLAIMS**</u>

BEFORE THE COURT is the Report and Recommendation [7] of United States Magistrate Judge John C. Gargiulo, entered in this case on December 21, 2016, recommending that this civil action be dismissed. R. & R. [7] at 1. After reviewing the record and relevant legal authority, the Court finds that the Report and Recommendation [7] should be adopted in its entirety as the finding of the Court, and that Plaintiff's claims should be dismissed without prejudice.

I. <u>FACTS AND PROCEDURAL HISTORY</u>

Plaintiff filed a Complaint [1] in this Court on October 17, 2016, seeking $78.8 billion in damages for fraud, tax evasion, and violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961-1968, by seven Defendants: Subway on Broad Avenue; Fred Dollar Store on West Railroad; J.B. Pawn Shop on West Railroad; Saw Grass Apartments; Yellow Cab Company; Memorial Hospital of Gulfport; and Gulfport Fire Department. Compl. [1] at 1. The Complaint [1] consists of a single page and alleges that Defendant J.B. Pawn "asked for [Plaintiff's] social security card and entered it into military with out giving [Plaintiff] [a] copy of privacy act." *Id.* Plaintiff claims that the other six

Defendants imported illegal drugs into Gulfport, Mississippi, without paying taxes. *Id.*  The Complaint [1] was not accompanied by a RICO statement conforming to the requirements of Local Uniform Civil Rule 83.8.  *See id.*; R. & R. [7] at 1.

The Court's November 4, 2016, Order [4] granting Plaintiff permission to proceed *in forma pauperis* clearly communicated that Plaintiff was required to file a RICO statement in conformity with the Local Rules before his lawsuit could proceed.  Order [4] at 1.  The Court warned Plaintiff that this case would be dismissed if he did not file the required RICO statement by December 2, 2016.  *Id.* at 5.  Plaintiff acknowledged receipt of the Order [4] by certified mail, but he did not file the RICO statement by the deadline, nor did he seek additional time to do so.  R. & R. [7] at 2.

On December 5, 2016, the Court issued an Order to Show Cause [5] advising Plaintiff that this case would be dismissed pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute if he did not file a RICO statement by December 16, 2016.  Show Cause Order [5] at 2.  Plaintiff acknowledged receipt of the Show Cause Order [5] by certified mail on December 5, 2016.  Acknowledgement of Receipt [6].  Again, Plaintiff did not file a RICO statement by the deadline or request additional time to do so.  R. & R. [7] at 2-3.

The Magistrate Judge entered a Report and Recommendation [7] on December 21, 2016, recommending that Plaintiff's case be dismissed without prejudice for failure to prosecute or to abide by the Court's Orders requiring

submission of a RICO statement.  *Id.* at 4.   The Magistrate Judge found that dismissal is warranted because Plaintiff failed to make any attempt to comply with the Court's Orders despite being warned that dismissal would result from his failure to file a RICO statement.  *Id.* at 3.   The Magistrate Judge further concluded that lesser sanctions would not likely prompt diligent prosecution of Plaintiff's case.  *Id.* at 8-9.

Plaintiff acknowledged receipt of the Report and Recommendation [7] on December 23, 2016.   Acknowledgement of Receipt [8].   Plaintiff, who is pro se, has not filed any objection to the Report and Recommendation [7] to date.

## II.  ANALYSIS

Where no party has objected to a magistrate judge's proposed findings of fact and recommendation, a court need not conduct a de novo review of it.   *See* 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings and recommendations to which objection is made.").   In such cases, a court need only review the proposed findings of fact and recommendation and determine whether it is either clearly erroneous or contrary to law.   *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989).

Based on the record before this Court, and having conducted the required review, the Court is of the opinion that the recommendation of the Magistrate Judge is neither clearly erroneous nor contrary to law.   The Court possesses the authority to dismiss this action for Plaintiff's failure to obey orders of the Court and

to prosecute under Rule 41(b) and under its inherent authority to dismiss an action *sua sponte* "so as to achieve the orderly and expeditious disposition of cases."  *Link v. Wabash R.R.*, 370 U.S. 626, 630 (1962); *accord McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) ("A district court may dismiss an action for failure of a plaintiff to prosecute or to comply with any order of the court.").

The Court finds that the Magistrate Judge properly recommended that Plaintiff's claims be dismissed.   The Court further finds that, for the reasons stated herein, the Report and Recommendation [7] of United States Magistrate Judge John C. Gargiulo entered on December 21, 2016, should be adopted as the finding of this Court.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, the Report and Recommendation [7] of United States Magistrate Judge John C. Gargiulo entered in this case on December 21, 2016, is adopted in its entirety as the finding of this Court.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, this civil action is **DISMISSED WITHOUT PREJUDICE**.   A separate judgment will be entered in accordance with this Order as required by Federal Rule of Civil Procedure 58.

**SO ORDERED AND ADJUDGED**, this the 23rd day of February, 2017.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE